**Affirmed and Opinion Filed April 25, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-15-00051-CR
_____

## LUCAS LEONARDO PERILLA, Appellant
### V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court
Collin County, Texas
Trial Court Cause No. 380-80963-2013

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Lucas Leonardo Perilla was convicted of two counts of indecency with a child by contact and one count of indecency with a child by exposure. The trial court assessed punishment at fifteen years in prison on both indecency with a child by contact convictions and seven years in prison on the indecency with a child by exposure conviction, with all sentences running concurrently. Perilla argues on appeal that the evidence is insufficient to support the convictions, the trial court erred by reading back testimony to the jury during deliberations, and he received ineffective assistance of counsel. We affirm the trial court's judgment.

### A. Sufficiency

In his second issue, Perilla challenges the sufficiency of the evidence to support the convictions. He contends the complainant's testimony was not credible enough to support the judgment.

We review a challenge to the sufficiency of the evidence on a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id*. Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id*. When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Id*. Direct and circumstantial evidence are treated equally: circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id*.

In 2005, Perilla lived for a time with his sister, her two minor children, A.R. and C.R., and the children's father. Perilla was not working and took care of the children while their parents worked. When A.R. was four or five years old, her father came home and noticed she was upset. He took the children to their grandmother's for dinner. A.R.'s grandmother noticed she was upset and would not talk. A.R. finally told her grandmother what was wrong. The grandmother called her father, who came in and saw A.R. with her pants pulled down and blood on her underwear. A.R. was scared and crying, nearly hyperventilating. A.R. eventually told her father that Perilla had touched her and it hurt. She explained that Perilla came into her bedroom, put his hands down her pants, and "she felt something and it hurt her real bad." No charges were filed following the 2005 incident although police interviewed A.R., her mother, and Perilla.

–2–

When A.R. was 12 years old, she saw a school counselor because she was concerned she might be pregnant after an encounter with a boy her age at a party. She could not remember exactly what happened because she smoked marijuana that night. At the end of a forensic interview about the incident at the party, A.R. was asked if anything similar had happened to her. A.R. became emotional and distraught and said her uncle, Perilla, started touching her when she was four years old.

A.R. was 14 years old at trial. She testified that Perilla lived in her apartment when she was four or five years old. Once, Perilla asked her to come into the living room to watch television. He put a blanket over them and told her to "[p]ut your hand here so you can play with my stick." She touched it with her hand, then looked and saw it was Perilla's penis. A.R. testified that Perilla had her touch his penis on several different occasions. Another time, while they were watching television, Perilla reached under her clothing and touched her "on [her] vagina" with his fingers. Later that day, she was at her grandmother's house and found blood on her underwear. She told her parents about what happened, but her mother did not believe her. Her father confronted Perilla and there was an argument about it in the parking lot.

Perilla admitted in his police interview that A.R. had seen his penis. He described a time he made her touch his penis, but she got scared and left the room. Perilla admitted he was aroused and went to the bathroom to masturbate. Perilla also admitted looking at and touching A.R.'s vagina. The detective testified that at the end of the interview, Perilla wrote a statement in Spanish essentially denying what he told the detective in English during the interview. The detective testified it was common for a person to admit verbally to an offense, but refuse to admit to it in writing.

A person commits the offense of indecency with a child by contact if the person engages

in sexual contact with a child younger than 17 who is not his spouse.[1] TEX. PENAL CODE ANN. § 21.11(a)(1). "Sexual contact" means "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1). A person commits the offense of indecency with a child by exposure if the person, with intent to arouse or gratify the sexual desire of any person exposes the person's anus or any part of the person's genitals, knowing the child is present. *Id.* § 21.11(a)(2)(A).

Perilla argues A.R.'s testimony was simply not credible enough to support the conviction. However, the jury is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). In addition, Perilla admitted the facts of the offenses in his police interview.

Viewing all the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found beyond a reasonable doubt that Perilla intentionally and with the intent to arouse or gratify his sexual desires engaged in sexual contact with a child and exposed his genitals knowing a child was present. *See Clayton*, 235 S.W.3d at 778. We overrule Perilla's second issue.

## B. Reading Back Testimony

In his first issue, Perilla contends the trial court abused its discretion by having a portion of the record read to the jury in response to a jury note sent during their deliberations. The note read:

> Can we also get [A.R.]'s testimony regarding her comments on where & how he touched her? We have a dispute between people. One person believes Lucas said "in her vagina" and others dispute that was said.

The trial court responded by asking the jury to be more specific and provided a form for

---

[1] Section 21.11 was amended effective September 1, 2009 to remove the "not the person's spouse" language and to create an affirmative defense. *See* Act of May 18, 2009, 81st Leg., R.S., ch. 260, § 1, 2009 Tex. Gen. Laws 710, 710. We refer to the law in effect at the time of the offense. *Id.* § 6.

requesting testimony to be read back. The jury filled out the form indicating they were in dispute about A.R.'s testimony during examination by the prosecutor and identifying the dispute as follows:

> Word or words in which we are in dispute:
>
> Did she say "in" or "on" her vagina? The D.A. asked where Lucas touched her and then she said under her pants. The D.A. asked a follow up question to clarify where under pants. We have a dispute on what her response was.

The trial court informed the parties it intended to have two sections responsive to the question read back to the jury. Perilla's counsel objected that "the response should be that the testimony is as you remember it." The trial court responded that the jury gave a proper request indicating they were in dispute about "whether she said in or on." The trial court then gave the following response to the jury:

> The court reporter has found two pieces of testimony that appear to be responsive to your question. On Page 70 question by [the prosecutor]. "When you were talking about Lucas touching you inside your pants, can you say where he touched you?"
>
> Answer: "He touched me on my vagina."
>
> Then later on Page 71 the question by [the prosecutor]. "When you said that he touched your vagina with his finger, was that under your underwear?" Answer: "Yes."
>
> "Did you feel that his finger touched the skin of your vagina and inside the vagina?" Answer: "Yes."

Perilla argues the trial court abused its discretion because there was no dispute about specific testimony and the trial court read back testimony that did not relate to the jurors' dispute.

Article 36.28 provides that "if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.28. When the jury asks that certain testimony be read back, the trial court must first determine if the request is proper under article 36.28; a simple request for testimony

does not alone reflect disagreement, implicit or express, and is not a proper request. *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005). The request must reflect the jurors disagree about a specified part of testimony. *Id.; Robison v. State*, 888 S.W.2d 473, 481 (Tex. Crim. App. 1994). The trial court's conclusion as to whether there is a factual dispute between the jurors is reviewed for an abuse of discretion. *Howell*, 175 S.W.3d at 790. A trial court abuses its discretion when the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Id.*

The jury clearly indicated it was in dispute about whether A.R. said Perilla touched "in" or "on" her vagina when the prosecutor asked her where he touched her. They had a further dispute about A.R.'s response to the follow up question by the prosecutor. The testimony read back to the jury was responsive to the question and "the particular point in dispute." TEX. CODE CRIM. PROC. ANN. art. 36.28. We conclude the trial court acted with reference to guiding rules and principles and did not abuse its discretion by determining the jury was in disagreement about a specific part of A.R.'s testimony and by reading back that part of her testimony. *See Howell*, 175 S.W.3d at 792; *Coronel v. State*, 416 S.W.3d 550, 553–54 (Tex. App.—Dallas 2013, pet. ref'd). We overrule Perilla's first issue.

### C. Ineffective Assistance

In his third issue, Perilla argues he received ineffective assistance of counsel at trial. He asserts counsel was ineffective for failing to object that father was not an outcry witness, failing to object to other hearsay and bolstering testimony, and by failing to request the State to make an election.

To successfully assert an ineffective assistance of counsel claim on direct appeal, Perilla must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *See Andrews*

*v. State,* 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). The "claim must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Absent an opportunity for trial counsel to explain the conduct in question, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392. Appellant has the burden to prove his claim by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We indulge in a strong presumption that counsel's conduct was *not* deficient. *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective assistance claim. *See Andrews*, 159 S.W.3d at 101.

Perilla did not raise ineffective assistance in his motion for new trial. There is no record showing why counsel did not raise the objections and no evidence to overcome the presumption that counsel provided reasonable assistance. *See Goodspeed*, 187 S.W.3d at 392.

On appeal, Perilla speculates that "it does not seem likely" that A.R.'s father would satisfy the requirements for an outcry witness. But speculation is not evidence. Without a developed record, we do not know why counsel failed to object to father's testimony. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (court could not know on silent record whether counsel had a good or bad reason for failing to raise Confrontation Clause objection).

Perilla complains trial counsel failed to object to hearsay and to evidence that bolstered A.R.'s credibility. Once again, however, the record is silent as to counsel's reasons for not objecting. *See Thompson v. State*, 9 S.W.3d 808, 814 (appellant failed to rebut presumption of reasonable assistance because record was silent as to "why appellant's trial counsel failed to object to the State's persistent attempts to elicit inadmissible hearsay"). "For an undetermined

reason, counsel did not object, and only further inquiry will provide the information necessary to make the proper determination whether he provided the effective assistance envisioned under the Sixth Amendment." *Id.* The record before us does not rebut the strong presumption that counsel rendered effective assistance. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

Finally, Perilla argues that trial counsel was ineffective for failing to require the State to make an election as to the acts it relied on for the charged offenses. A defendant's decision to elect is purely strategic and may be waived or forfeited. *Cosio v. State*, 353 S.W.3d 766, 775–76 (Tex. Crim. App. 2011). Because there is no evidence as to trial counsel's strategy, we cannot determine on this record whether that strategy fell below the standard of reasonable assistance. *See Menefield*, 363 S.W.3d at 593.

On this record, Perilla has not shown trial counsel's conduct was "so outrageous that no competent attorney" would have done the same. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Nor has he rebutted the strong presumption that counsel rendered effective assistance. *See Rylander*, 101 S.W.3d at 110–11. We conclude the record is insufficient to show deficient performance. *Menefield*, 363 S.W.3d at 593. We overrule Perilla's second issue.

## D. Conclusion

Having overruled all of Perilla's issues, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
150051F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUCAS LEONARDO PERILLA, Appellant

No. 05-15-00051-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-80963-2013.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of April, 2016.